UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ABRAHAM IRAHETA,

        Petitioner,

  -against-

UNITED STATES OF AMERICA,

        Respondent.
------------------------------------------------------------X

**DECISION & ORDER**
11-cr-857 (WFK)
15-cv-2389 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

Before the Court is a *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 by Petitioner Abraham Iraheta ("Petitioner"). On July 24, 2014, this Court sentenced Petitioner to 188 months imprisonment to be followed by three years of supervised release. Petitioner seeks to correct his sentence claiming ineffective assistance of counsel pursuant to the Sixth Amendment and due process violations pursuant to the Fifth Amendment. For the reasons discussed below, Petitioner's motion to vacate, set aside, or correct his sentence is DENIED in its entirety.

## BACKGROUND

### I. The Offense Conduct

Petitioner is associated with the Flushing "clique" of La Mara Salvatrucha, also known as MS-13, a gang comprised primarily of immigrants from Central America, with members located throughout Queens, New York, Long Island, New York and elsewhere. Dkt. 1[1] ("Indictment") at ¶ 1, 2; *see also* Dkt. 274 ("Opposition to Motion to Correct") at 1. Members and associates of the MS-13 gang have engaged in narcotics trafficking and acts of violence, including murder, attempted murder, robbery, and assault. Indictment at ¶ 1.

On December 30, 2011, an indictment was filed against Petitioner charging him with various crimes arising from his membership and participation in MS-13, including racketeering

---

[1] All references to the Docket herein are part of 11-cr-857.

1

and racketeering conspiracy, with predicate acts of conspiracy to murder and attempted murder. *See generally* Indictment. Petitioner was also charged with unlawful use of a firearm, attempted murder, and assault with a dangerous weapon. *Id.*

On January 5, 2012, pursuant to an arrest warrant issued in the Eastern District of New York, Petitioner and nine other members of MS-13 were arrested. Dkt. 24 (Arraignment Minute Entry).

## II. The Guilty Plea

On September 16, 2013, Petitioner pled guilty to Count One of the Indictment "charging a violation of 18 U.S.C. §§ 1962(c). At his guilty plea, [Petitioner] admit[ted] as racketeering acts his participation in a conspiracy to murder members of the [Original Flushing Crew] gang (as alleged in Racketeering Act 1) and a conspiracy to murder John Doe #3 (as alleged in Racketeering Act 4)." Dkt. 184 ("Plea Agreement") at ¶ 1.

The Plea Agreement states in pertinent part:

[Petitioner] agrees not to file an appeal or otherwise challenge, by a petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 188 months or below. This waiver is binding without regard to the sentencing analysis used by the Court.

*Id.* at ¶ 4.

During the guilty plea hearing, the Petitioner was asked and answered the following questions:

> The Court: [D]efense counsel, have you discussed the question of a guilty plea with your client?
>
> [Defense Counsel]: I have.
>
> The Court: In your view, sir, does he understand the rights he would be waiving by pleading guilty?
>
> [Defense Counsel]: Yes.

2

. . .

The Court: [Petitioner], are you satisfied with the assistance your attorney has given you thus far in the case?

[Petitioner]: Yes.

. . .

The Court: If instead of going to trial, sir, you elect to plead guilty to the crime charged and if I accept your guilty plea, you will be giving up your right to a trail and all the other rights I have just discussed. There will be no trial in this case. There will be no appeal on the question of whether you did or did not commit the crime set forth in Count One of the Indictment. You could appeal only if the sentence I imposed exceeded the agreed upon sentence set forth in your plea agreement, that is to say if the sentence exceeded 188 months. If I calculated a sentencing range which was different from the range that you've calculated and agreed with the government, in other words, higher than that, and if I thereafter imposed a sentence that fell above that range that you have agreed to with the government, you would have a right to appeal that sentence to a higher court and while this Court is not bound by the guidelines, this Court will take them into consideration in determining what would be a reasonable sentence under all the circumstances available to me in this case. Is that understood, sir?

[Petitioner]: Yes.

The Court: There is, however, a waiver of any right to appeal if the Court imposes a term of imprisonment of 188 months or below. Do you understand that, sir?

[Petitioner]: Yes.

. . .

The Court: So to be crystal clear, if I were to sentence you to above 188 months regardless of how I do it, you would have a right to appeal the sentence and if you could no longer at that point afford the fees and expenses associated with the appeal, including counsel fees, you could apply to the Court for the appointment of counsel and the fees and expenses would be paid pursuant to prescribed rates set by the government pursuant to the authority of the Criminal Justice Act. Do you understand that, sir?

[Petitioner]: Yes.

. . .

3

> The Court: Is there any other agreement, sir, that has been reached or made with you in order to get you to plead guilty other than the written plea agreement?
>
> [Petitioner]: I don't get it. What was that?
>
> The Court: Other than the written plea agreement, do you have any other deal that led you to plead guilty?
>
> [Petitioner]: No.
>
> . . .
>
> The Court: Other than the written plea agreement with the government which is in evidence, has anyone made you any promise that caused you to plea guilty?
>
> [Petitioner]: No.
>
> The Court: Has anyone made you any promise about the sentence you will receive from this Court?
>
> [Petitioner]: No.

Opposition to Motion to Correct, Ex. 3 ("Transcript from Guilty Plea Hearing") at 25, 27-29, 34.

Subsequent to this line of questioning, the Court accepted Petitioner's plea of guilty to Count One of the Indictment. *Id.* at 43.

### III. The Sentencing

Prior to sentencing, counsel for Petitioner submitted a sentencing memorandum acknowledging the applicable Guidelines level for Petitioner to be 31 with a criminal history category of I, resulting in a Guidelines imprisonment range of 108 to 135 months' imprisonment. Dkt. 256 ("Petitioner Sentencing Memorandum") at 1. Counsel for Petitioner argued the Court should impose "a nonguidelines sentence[,]" given Petitioner's age, regular employment history, and family situation. *Id.* at 2-3. The Government also submitted a sentencing memorandum prior to sentencing stating acknowledging the same Guidelines level of 31 for Petitioner resulting in a Guidelines imprisonment range of 108 to 135 months' imprisonment. Dkt. 258 ("Government Sentencing Memorandum") at 3. In recommending its sentence to the Court, the

4

government stated "that a sentence within the Guidelines range . . . is sufficient, but not greater than necessary, to effectuate the purposes of sentencing set forth in 18 U.S.C. § 3553(a)." *Id.* at 4.

On July 24, 2014, this Court sentenced Petitioner to 188 months' imprisonment to be followed by three years of supervised release. Dkt. 266 ("Sentencing Minute Entry"). During the sentencing hearing, this Court noted "the total adjusted offense level would be 31, or if the Court declined to follow the global resolution reduction, the level would be 32, which with a criminal history category of I, would yield a guideline imprisonment range of 108 to 135 months or 121 to 151 months if the Court declined to follow the global resolution reduction." Opposition to Motion to Correct, Ex. 5 ("Sentencing Transcript") at 6. This Court also advised Petitioner of the following before sentencing Petitioner:

> The Court: [Petitioner] having pled guilty in this case, you have a right to appeal any sentence imposed by this Court if that sentence is more than 188 months, as set forth in paragraph four of your plea agreement. Do you understand that, sir?
>
> [Petitioner]: Yes.

*Id.* at 17. Thereafter, this Court, sentenced Petitioner to 188 months' imprisonment to be followed by three years of supervised release noting that the sentence "appears to be sufficient, but not greater than necessary to comply with the purposes set forth in 18 [U.S.C.] Section 3553(a)." *Id.* at 19.

### IV. The Instant Motion to Vacate, Set Aside, or Correct a Sentence

On April 20, 2015, Petitioner filed this *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Dkt. 271 ("Motion to Correct"). Petitioner makes two arguments in his motion. First, Petitioner seeks to correct his sentence on the basis that he received ineffective assistance of counsel pursuant to the Sixth Amendment because his counsel

5

advised him that if he entered a plea of guilty, he would only be sentenced to a range between 108 and 135 months' imprisonment – not the 188 months' imprisonment he received. *Id.* at 8.[2] Second, Petitioner seeks to correct his sentence claiming his due process rights were violated pursuant to the Fifth and Sixth Amendment because when the Court engaged in judicial fact finding that increased his sentence with no legitimate purpose. *Id.* at 15.

On August 4, 2015, this Court held a non-evidentiary hearing on Petitioner's request to his challenge his sentence on the grounds of, *inter alia*, ineffective assistance of counsel and due process violations pursuant to 28 U.S.C. § 2255. Dkt. Entry Dated 08/04/2015. At the hearing, the Court reserved its decision on Petitioner's motion to correct his sentence and ordered the parties to submit any post-hearing briefing by September 11, 2015 and any replies by September 18, 2015. On September 11, 2015, the Government submitted an additional letter in opposition to Petitioner's motion to correct his sentence, reiterating the arguments made in its Opposition to Motion to Correct. Dkt. 288 ("Letter in Opposition to Motion to Correct"). Petitioner did not submit any additional materials.

Based on the Court's non-evidentiary hearing, the materials submitted by both parties, and for the reasons discussed directly below, Petitioner's motion to correct his sentence is DENIED in its entirety.

## ANALYSIS

### I. Petitioner's Ineffective Assistance of Counsel Claim Fails

Petitioner first challenges his sentence on the grounds of ineffective assistance of counsel pursuant to the Sixth Amendment because his counsel advised him that if he entered a plea of

---

[2] All page numbers for the Motion to Correct refer to the pages of the PDF documents filed on ECF.

guilty, he would only be sentenced to a range between 108 and 135 months' imprisonment – not the 188 months' imprisonment he received. Motion to Correct at 8.

*Strickland v. Washington*, 466 U.S. 668 (1984), sets forth the relevant federal law governing ineffective assistance of counsel claims. "Under *Strickland*, in order to prevail on an ineffective-assistance-of-counsel claim, a defendant must meet a two-pronged test: (1) he 'must show that counsel's performance was deficient' . . . and (2) he must show that 'the deficient performance prejudiced the defense[.]'" *Bennett v. United States*, 663 F.3d 71, 84 (2d Cir. 2011) (quoting *Strickland*, 466 U.S. at 687). "It is the accused's 'heavy burden' to demonstrate a constitutional violation under *Strickland*." *Moreno v. Smith*, 06-CV-4602, 2010 WL 2975762, at *15 (E.D.N.Y. July 26, 2010) (Matsumoto, J.) (quoting *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004)).

Under the first prong, "[j]udicial scrutiny of counsel's performance must be highly deferential[;] . . . a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotation marks and citations omitted).

Under the second prong, to establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In making the determination whether the specified errors resulted in the required prejudice, a court should presume, absent challenge to the judgment on grounds of evidentiary insufficiency, that the judge or jury acted according to law." *Id.* at 694.

A district court need not conduct an evidentiary hearing where the record is sufficient to deny the petition. As the Second Circuit has stated:

> It is within the district court's discretion to determine whether a hearing is warranted. Among the wealth of materials available to the district court at its direction are the trial record, letters, documents, exhibits, affidavits[,] and written interrogatories. After expanding the record, the district court then decides if an evidentiary hearing also is required. Our precedent disapproves of summary dismissal of petitions where factual issues exists, but it permits a middle road of deciding disputed facts on the basis of written submissions.

*Pham v. United States*, 317 F.3d 178, 184 (2d Cir. 2003) (internal quotation marks and citations omitted).

Here, Petitioner's sole argument for his ineffective assistance of counsel claim is that "[c]ounsel[,] when presenting the negotiated plea to [Petitioner,] made clear that his sentence would be 108-135 months. [Petitioner,] based on this advice and counsel's reassurance that his sentencing exposure would be no more than 135 months[,] entered a plea of guilty. This advice by counsel was wrong as [Petitioner] was sentenced to 188 months." Motion to Correct at 10. Petitioner's argument, however, does not meet the standard set forth by *Strickland*.

Under the first prong of *Strickland*, a review of the record reveals a professionally sound performance by defense counsel. This is especially true where Petitioner has already admitted he received the effective assistance of counsel. *See* Transcript from Guilty Plea Hearing at 25. Moreover, defense counsel was able to obtain a generous plea offer by which Petitioner only had to plead guilty to one count of a multi-count Indictment,[3] reviewed the plea agreement with

---

[3] Defense counsel also negotiated a reduction in Petitioner's sentencing exposure between the first plea offer produced by the Government and the eventual plea agreement accepted by Petitioner. The Government's first plea offer provided for a Guidelines range of 211-248 months' imprisonment with an appellate waiver only if Petitioner was sentenced to more than 295 months imprisonment. Petitioner's actual plea agreement had a guidelines range of 135-168

8

Petitioner, and correctly advised Petitioner of the applicable Guidelines range. *See, e.g.,* Indictment, Plea Agreement at 8, Transcript from Guilty Plea Hearing at 25, 27-29. Furthermore, throughout numerous parts of the proceedings, including the guilty plea hearing and sentencing, Petitioner acknowledged that his plea agreement contained a provision whereby he could only appeal a sentence that exceeded 188 months of imprisonment. *See* Transcript from Guilty Plea Hearing at 27-29, Sentencing Transcript at 17. Petitioner also acknowledged that he was made no promise about the sentence he would receive from the Court. *See* Transcript from Guilty Plea Hearing at 34.

Defense counsel's performance is further corroborated by his affidavit submitted on behalf of the Government in opposition to Petitioner's motion to correct his sentence. Opposition to Motion to Correct, Ex. 6 ("Affidavit of Joel M. Stein, Esq."). In the affidavit, defense counsel avers that he reviewed the plea agreement with Petitioner and informed the Petitioner that the "sentencing judge would not be required to impose a sentence within the applicable Guidelines range. I also advised [Petitioner] that the Guidelines calculations set forth in the plea offers did not bind . . . the Court." *Id.* at ¶¶ 2-3. Defense counsel also affirms that he advised Petitioner that Petitioner could only appeal his sentence if he received a sentence greater than 188 months' imprisonment. *Id.* at ¶ 5. Defense counsel further declares that he made no promise to Petitioner that Petitioner would receive a sentence within the range of 108 to 135 months' imprisonment. *Id.* at ¶ 6.

Based on the evidence of record, Petitioner has failed to establish defense counsel's representation meets the first prong under *Strickland*, *i.e.*, Petitioner has failed to establish that defense counsel's performance was deficient. Because Petitioner has failed to meet the first

---

months' imprisonment with an appellate waiver of 188 months imprisonment. *See* Opposition to Motion to Correct at 15 n.4.

prong under *Strickland*, the Court need not engage in analysis of the second prong under *Strickland*. *Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the [Petitioner] makes an insufficient showing on one."). Additionally, given the overwhelming evidence establishing that Petitioner received effective assistance of defense counsel, summary dismissal of the motion to correct Petitioner's sentence is warranted because no factual issues exist. See *Pham*, 317 F.3d at 184. Therefore, Petitioner's motion to correct his sentence on this ground must be DENIED.

## II. Petitioner's Due Process Claims Fail

Petitioner next argues his sentence violated the Fifth and Sixth Amendment right to due process because the Court engaged in judicial fact finding that increased his sentence with no legitimate evidence. Motion to Correct at 15. Specifically, Petitioner states this Court "found that [Petitioner] was untruthful at his suppression hearing when he testified that a machete was not in plain view. The Court's finding in this regard that [Petitioner's] testimony was false and applying an enhancement for obstruction of justice is inconsistent with the evidence in this case." *Id.* at 16-17. As such, Petitioner claims "[this] [C]ourt did not properly consider the 18 U.S.C. § 3553(a) factors, as it was solely focused on punishment." *Id.* at 17. Petitioner, however, is barred from challenging the Court's application of the Guidelines.

"A [petitioner's] waiver of the right to appeal or collaterally attack a sentence within or below a stipulated guidelines range is presumptively enforceable." *Bossous v. United States*, 09-CR-978-01, 11-CV-5303, 2012 WL 4435312, at *2 (S.D.N.Y. Sept. 26, 2012) (Cote, J.) (internal citations omitted). The Second Circuit has highlighted the importance of enforcing such waivers:

> In no circumstance, however, may a [petitioner], who has secured the benefits of a plea agreement and knowingly and voluntarily waived the

> right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless.

*United States v. Salcido-Contreras*, 990 F.2d 51, 53 (2d Cir. 1993).

Here, Petitioner "[a]gree[d] not to file an appeal or otherwise challenge, by a petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 188 months or below." Plea Agreement at ¶ 4. Moreover, throughout the guilty plea hearing and sentencing procedures, the transcripts make clear Petitioner knowingly and voluntarily waived his right to appeal a sentence of 188 months of imprisonment or below. *See* Transcript from Guilty Plea Hearing at 25, 27-29, 34, Sentencing Transcript at 6. Accordingly, Petitioner is barred from arguing this Court improperly increased his sentence by imposing an obstruction of justice enhancement under Guideline §3C1.1. Petitioner's claim for relief on this ground must be DENIED.

## CONCLUSION

Petitioner's motion to correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED in its entirety. A certificate of appealability shall not issue. *See* 28 U.S.C. § 2253. The Clerk of the Court is directed to serve notice of entry of this Order on all parties and to close the case.

**SO ORDERED**

/S/ Judge William F. Kuntz, II

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: September ___, 2015
Brooklyn, New York