UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA,                           :
                                                                           :
        v.                                                             :   **DECISION & ORDER**
                                                                           :   11-CR-857-7 (WFK)
ABRAHAM IRAHETA,                                         :
                                                                           :
        Defendant.                                           :
------------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

On July 24, 2014, this Court sentenced Abraham Iraheta ("Defendant") to 188 months imprisonment to be followed by three years of supervised release. Before the Court is Defendant's pro se motion for a reduced sentence. ECF No. 346. For the reasons discussed below, Defendant's motion is DENIED in its entirety.

## BACKGROUND

On September 16, 2013, Abraham Iraheta ("Defendant") pled guilty to racketeering, in violation of 18 U.S.C. § 1962(c), in connection with his membership in MS-13. As racketeering acts, he admitted to conspiring to murder members of the Original Flushing Crew (Racketeering Act 1) and to conspiring to murder John Doe #3 (Racketeering Act 4). On July 24, 2014, this Court sentenced Defendant to a term of 188 months imprisonment to be followed by three years of supervised release. Defendant is currently serving his sentence at USP Thomson in Thomson, Illinois. His projected release date is February 10, 2026.

Although it is not entirely clear from his submission, the Court liberally interprets Defendant's motion as one for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).[1] Defendant asks the Court to consider a reduction in his sentence because he has, among other

---

[1] As the Government notes in its opposition brief, Defendant states that he moves pursuant to 18 U.S.C. § 3582(c)(2), which is inapplicable in this case since Defendant has not been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In his submission, Defendant claims he has become "aware" of the First Step Act "due to the talk among inmate population(s)" and "seek[s] to move this Honorable Courts to see if indeed he does qualify for any relief . . . ." *See* Def.'s Mot. Pursuant to 18 U.S.C. § 3582(c)(2) ("Def.'s Mot.") at 1–2, ECF No. 346.

things, "complete[d] over 50% of [his] sentence with minor infractions here and there" and because he has received multiple certificates. *See* Def.'s Mot. at 3. The Government filed its opposition to the motion on May 20, 2021. Defendant did not file a reply. For the reasons set forth below, Defendant's motion is DENIED.

## DISCUSSION

### I. Applicable Law

As a threshold matter, a defendant may only file a motion for compassionate release after he or she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The defendant, however, "still bears the burden of demonstrating that his release is justified under Section 3582(c)(1)(A)." *United States v. Harrison*, 14-CR-167, 2021 WL 1144820, at *1 (S.D.N.Y. Mar. 24, 2021) (Buchwald, J.); *see also United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992). The exhaustion requirement is mandatory and may not be waived. *See, e.g., United States v. Gomez*, 95-CR-750-3, 2021 WL 1254549, at *3 (E.D.N.Y. Apr. 5, 2021) (Garaufis, J.) ("A defendant's failure to exhaust administrative remedies is a threshold matter preventing the court from considering a Section 3582 application." (internal quotation marks omitted)); *United States v. Hill*, 16-CR-397, 2020 WL 1911206, at *2 (S.D.N.Y. Apr. 20, 2020) (Swain, J.) (*citing Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016), and holding that "Congress intended that Section 3582(c)'s exhaustion requirements be strictly enforced"). A pro se movant's submission "must be construed liberally and interpreted to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis and internal quotation marks omitted).

## II.     Analysis

Defendant has failed to demonstrate he exhausted his administrative remedies. He does not assert that he sought relief from the warden of his institution as required by statute. The Government states that it "has conferred with a representative from the BOP, who has confirmed that the defendant's institution — USP Thomson — has no record of any request for compassionate release from the defendant." Gov.'s Mem. at 4. Because Defendant "has failed to meet his burden to show that he has exhausted his administrative remedies," *Gomez*, 2021 WL 1254549, at *3, the Court DENIES Defendant's motion.

## CONCLUSION

Defendant's motion is DENIED in its entirety. A certificate of appealability shall not issue. *See* 28 U.S.C. § 2253. The Clerk of the Court is directed to serve notice of entry of this Order on all parties, to mark any mailings on the docket, and to close the case.

SO ORDERED.

s/ WFK
_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: October 29, 2021
      Brooklyn, New York